UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

|  |  |
|---|---|
| DEBRA BARNES, ) | |
| ) | |
| Petitioner, ) | 2:09-CV-00405-LRH-LRL |
| ) | |
| v. ) | |
| ) | ORDER |
| CITY OF NORTH LAS VEGAS, NORTH ) | |
| LAS VEGAS POLICE DEPARTMENT, ) | |
| ) | |
| Defendants. ) | |

Before the court is defendants City of North Las Vegas and Las Vegas Police Department's ("Defendant")[1] Motion for Summary Judgment (#16[2]) filed on April 19, 2010. Plaintiff Debra Barnes ("Plaintiff") filed an opposition (#17) to which Defendant replied (#20).

**I.   Facts and Procedural History**

On December 29, 2001, Defendant hired Plaintiff as an Animal Control Officer, assigned to the North Las Vegas Police Department under the supervision of Dale Smock ("Smock"). (Mot. Summ. J. (#16), Barnes Dep. 10:3-5.). Plaintiff alleges that while under Smock's supervision, she was continuously harassed and singled out for disciplinary actions. Eventually, she filed a

---

[1] Although Plaintiff named the North Las Vegas Police Department as a separate defendant, the police department is a subdivision of the City of North Las Vegas and not a separate entity. Therefore, the only defendant in this matter is Plaintiff's employer, the City of North Las Vegas.

[2] Refers to the court's docket entry number.

harassment complaint with Human Resources.

Subsequently, on March 2, 2009, Plaintiff filed a complaint against Defendants, alleging claims for (1) hostile work environment, (2) age discrimination, and (3) retaliation. (#1.) Thereafter, Defendant filed the present motion for summary judgment (#16).

## II.   Legal Standard

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).  In assessing a motion for summary judgment, the evidence,[3] together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record that demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000).  A "material fact" is a fact "that might affect the

---

[3]The court can only consider admissible evidence in ruling on a motion for summary judgment. *See* FED. R. CIV. P. 56(e); *see also Robin Orr v. Bank of Am.*, 285 F.3d 764, 773 (Ct. App. 2002).  To be admissible, documents authenticated through personal knowledge must be attached to an affidavit. *Canada v. Blain's Helicopters, Inc.*, 831 F.2d 920, 925 (9th Cir. 1987).  A document can also be authenticated by any manner permitted by the Federal Rules of Evidence 901(b) or 902.  *Orr*, 285 F.3d at 773.

1 outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

### III. Discussion

#### A. Hostile Working Environment

Plaintiff alleges that Defendant discriminated against her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17, on the basis of her gender and race. Although not explicitly included in the text of Title VII, claims based on a hostile work environment fall within Title VII's protections. *Harris v. Forklift Sys.*, 510 U.S. 17, 21 (1993).

To state an actionable claim under Title VII, Plaintiff must show: (1) she was subjected to verbal or physical conduct based on her gender or race; (2) the conduct was unwelcome; and (3) the conduct was "sufficiently severe or pervasive to alter the conditions of her employment and create an abusive working environment." *Galdamex v. Potter*, 415 F.3d 1015, 1023 (9th Cir. 1995) (quoting *Meritor Savings Bank, FSB v. Vinson* 477 U.S. 57, 67 (1986)). To determine whether conduct was sufficiently severe or pervasive to violate Title VII, the court considers "all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 270-71 (2001)).

Here, Plaintiff testified about several incidents creating a hostile work environment: (1) her supervisor Smock constantly writing her up "for little things" (Barnes Dep. 25:14-16); (2) Smock

1  "always making . . . snide comments" to her, i.e. "Is this [report] going to take you two hours also?"
2  (Barnes Dep. 25:16-23); (3) Smock screaming at her in front of another officer when she disobeyed
3  his order to stay in the office by going into the field (Barnes Dep. 25:25-35:12); (4) Smock calling
4  her "a liar" (Barnes Dep. 36:24); (5) Smock commenting on the state of her desk (Barnes Dep.
5  41:16-18); and (6) Smock putting her on performance improvement plans ("PIPs") (Barnes Dep.
6  43:18).

7  However, the undisputed evidence in this matter establishes that Plaintiff was not subjected to
8  discrimination because of either her sex or race. None of Plaintiff's identified incidents connote
9  sexual or racial discrimination. Accordingly, the court finds that Defendant is entitled to summary
10 judgment on the hostile work environment claim. *See Galdamex*, 415 F.3d at 1023 (holding that to
11 establish a hostile working environment claim the plaintiff must prove that she was subjected to
12 verbal or physical conduct based on her gender or race).

13 **B. Age Discrimination**

14 Here, Plaintiff alleges Defendant discriminated against her due to her age because Smock
15 referred to her as "Mama Smurf." (Barnes Dep. 16:18-23.) In order for a plaintiff to establish a
16 claim for age-based discrimination, in violation of the Age Discrimination in Employment Act of
17 1967, 29 U.S.C. §§ 621-634, she must demonstrate that she: (1) was a member of the protected
18 class; (2) was performing her job in a satisfactory manner; (3) was discharged; and (4) was replaced
19 by a substantially younger employee with equal or inferior qualifications. *Douglas v. Anderson*,
20 656 F.2d 528, 533 (9th Cir. 1981).

21 However, the court finds that taking the evidence in the light most favorable to Plaintiff,
22 Defendant is entitled to judgment as a matter of law. The undisputed evidence shows that Smock
23 called Plaintiff "Mama Smurf" only once, in 2001, before any other alleged harassment occurred.
24 (*See* Barnes Dep. 16:21-23.) Further, Plaintiff testified that she was not discharged or replaced by a
25 younger employee. Therefore, the court finds that Plaintiff has not established a claim for age

4

discrimination.

Additionally, Plaintiff failed to respond to Defendant's motion as to her age discrimination claim. (*See* Pl.'s Opp'n to Def.'s Mot. Summ. J.) The failure of a party to file points and authorities in response to any argument shall constitute a consent to the granting of those arguments. *See* LR 7-2(d). Accordingly, the court finds that Defendant is entitled to summary judgment for Plaintiff's age-based discrimination claim.

**C. Retaliation**

Under section 2000e-3(a), it is unlawful "for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). To establish a prima facie case of retaliation, a plaintiff must demonstrate the following: "(1) she engaged in an activity protected under Title VII; (2) her employer subjected her to an adverse employment action; and (3) causal link exists between the protected activity and the adverse employment action." *Thomas v. City of Beaverton*, 379 F.3d 802, 811 (9th Cir. 2004) (citing *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000)). If a plaintiff establishes a prima facie case of retaliation, the burden shifts to the defendant to demonstrate a legitimate, nondiscriminatory reason for its decision. *Ray*, 217 F.3d at 1240. If the defendant demonstrates such a reason, the burden shifts back to the plaintiff to show that the defendant's reason was a mere pretext for a discriminatory motive. *Id.*

To demonstrate that an employer subjected a plaintiff to an adverse employment action, a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, meaning that it "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. V. White*, 548 U.S. 53, 68 (2006) (citations omitted). While a prima facie case of Title VII's substantive provision – anti-discrimination – and a prima facie case of retaliation both require an adverse employment action,

5

the two terms are not coterminous. *Id.* At 67. Instead, "the scope of the anti-retaliation provision extends beyond workplace-related or employment-related retaliatory acts and harm." *Id.*

Plaintiff alleges she was retaliated against after she filed her second harassment grievance with Human Resources. (Barnes Dep. 40:10-13, 51:2-4.) Plaintiff alleges she was subjected to various adverse employment action: (1) Smock filed a complaint about her with Human Resources (Barnes Dep. 40:10-13, 51: 2-4); (2) Smock placed her on two PIPs (Barnes Dep. 66:25-67:2, 72:1); and (3) Smock placed her with a junior officer (Barnes Dep. 72:1-4).

Taking the evidence in the light most favorable to Plaintiff, the court finds that Plaintiff was not subjected to or suffered an adverse employment action. First, there is no evidence that Smock filed a complaint with Human Resources (Barnes Dep. 51:14-21). Second, Plaintiff admits that her report writing was deficient prior to Smock placing her on PIPs (Barnes Dep. 67:3-13, 73:24-74:3).

Additionally, Plaintiff concedes that there is no policy that prohibits senior officers from riding with junior officers, and she states that it is "fairly common that senior officers ride with junior officers so juniors can learn something" (Barnes Dep. 44:1-17). Further, there is no evidence that Smock placed Plaintiff with a junior officer for any other purpose other than training. Moreover, there is no evidence of actionable retaliation in Smock's actions. Accordingly, the court finds that summary judgment upon Plaintiff's claim of retaliation is appropriate.

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment (#16) is hereby GRANTED.

IT IS FURTHER ORDERED that the Clerk of the Court shall enter judgment accordingly.

IT IS SO ORDERED.

DATED this 19th day of July, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

6